IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROXANNE BREWTON, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-7017 |
| v. | ) ) | Judge Manish S. Shah |
| | ) | Magistrate Judge Sheila M. Finnegan |
| FIRST STUDENT, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
FIRST STUDENT, INC.'S MOTION FOR SANCTIONS AND TO DISMISS BASED ON
IMPROPERLY NAMED DEFENDANT**

Plaintiff Roxanne Brewton ("Plaintiff" or "Roxanne") by and through her counsel, Stephan

Zouras, LLP ("Plaintiff's Counsel" or "Stephan Zouras") responds to Defendant First Student

Inc.'s ("First Student" or "Defendant") Motion for Sanctions and to Dismiss Based on Improperly

Named Defendant as follows:

## I.   FACTUAL BACKGROUND

Before filing the Complaint, Plaintiff's Counsel spoke with Roxanne, who advised that she

applied to work at First Student in 2018 and that First Student collected her biometric data in order

to conduct a background check. Ex. A, Declaration of Megan E. Shannon ¶¶ 1-5. Plaintiff's

Counsel conducted a thorough investigation of the facts, and believed Roxanne had a meritorious

claim. *Id*. ¶ 5. Roxanne indicated that she wished to bring suit against First Student, and signed an

attorney-client agreement. *Id*. On July 6, 2020, Plaintiff's Counsel sent Roxanne a copy of the

operative complaint. *Id*. ¶ 6. Roxanne reviewed the complaint for factual accuracy and approved

the complaint for filing on July 7, 2020. *Id*. That same day, Plaintiff filed her Class Action

1

Complaint in the Circuit Court of Cook County alleging that Defendant invaded her privacy by unlawfully collecting, using, storing, and disseminating her biometric identifiers (*i.e.*, fingerprints) and/or biometric information (collectively, "biometric data") in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Ex. A ¶ 6. Defendant was served on November 10, 2020 and subsequently removed this action to the United States District Court for the Northern District of Illinois on November 25, 2020. Dkt. No. 1. On December 16, 2020, Defendant filed its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Class Action Complaint. Dkt. No. 12. Defendant did not dispute that it collected Plaintiff's biometric data, but rather argued that it should be exempt from compliance with BIPA entirely on the basis that First Student is a government contractor. *Id*. On February 3, 2021, Plaintiff filed her Opposition to Defendant's Motion to Dismiss. Dkt. No. 21.

On February 23, 2021, Counsel for Defendant issued a Rule 11 letter to Plaintiff's Counsel advising, for the first time, "First Student has been unable to locate any record of Plaintiff's application for employment." Ex. B, Rule 11 Letter. Defendant wrote that it conducted a background check on Roxanne, which indicated, "Plaintiff has resided in Waukegan, North Chicago and Beach Park, Illinois" and thus "we presume that plaintiff applied to work as a Bus Aide servicing one of the school districts near her home, including Waukegan CUSD # 60, North Chicago CUSD # 187, or Beach Park CCSD # 3. If true, then Plaintiff did not apply for any position with First Student in 2018. Illinois Central School Bus, LLC was the contracting bus service provider to these school districts in 2018." *Id*. Based on these presumptions, Defendant demanded "Plaintiff immediately dismiss her Complaint against First Student." *Id*. Defendant provided no support for its representations.

Nevertheless, that same day, Plaintiff's Counsel Megan Shannon attempted to call Roxanne in order to determine whether Defendant's representations could have any merit. Ex. A ¶ 9. However, Counsel discovered her phone number was disconnected. *Id*. Plaintiff's Counsel sent Roxanne a follow up email, marked with high importance, requesting that Plaintiff call her counsel regarding her case. *Id*. Plaintiff's Counsel continued to attempt to contact Plaintiff by phone and email on February 24, 2021, March 1, 2021, and March 2, 2021. *Id*. ¶ 10. On March 2, 2021, Plaintiff's Counsel attempted to call Roxanne's emergency contact listed on her intake form; however, the phone number was also disconnected. *Id*. ¶ 11. Plaintiff's Counsel subsequently sent her emergency contact a follow up email, marked with high importance, requesting that Roxanne call her counsel immediately regarding her case. *Id*. Plaintiff's Counsel continued to attempt to contact Plaintiff and her emergency contact by phone daily and email regularly. *Id*. ¶ 13.

When these efforts were unsuccessful, Plaintiff's Counsel sent Roxanne a written correspondence on March 2, 2021, requesting that Roxanne call her counsel immediately regarding her case. *Id*. ¶ 12. A second correspondence was mailed on March 9, 2021. *Id*. ¶ 14. On March 17, 2021, Counsel for Defendant emailed Plaintiff's Counsel regarding the Rule 11 letter, to which Plaintiff's Counsel replied that they were obligated to continue litigating this action in accordance with their professional duties. Ex. C, Email correspondence from Megan Shannon dated March 18, 2021. On March 25, 2021, Defendant filed its Motion for Sanctions, stating for the first time that it had contacted Illinois Central School Bus, LLC ("Illinois Central") directly to verify Plaintiff's employment. Dkt. No. 25. Defendant also for the first time presented support for its assertions; namely, a declaration from a representative of First Student stating that Defendant "has no record of Plaintiff's employment application" and describing a conversation between Defendant and Illinois Central. *See* Ex A to Dkt. No. 25.

3

On March 18, 2021, Plaintiff's Counsel mailed Roxanne a third correspondence requesting that Roxanne call her counsel immediately regarding her case. Ex. A ¶ 14. Additionally, Plaintiff's Counsel attempted to contact Roxanne via Facebook on March 29, 2021. *Id*. ¶ 15. In light of Plaintiff's Counsel's unsuccessful attempts to reach Plaintiff, Plaintiff's Counsel attempted to issue a subpoena to Illinois Central on April 1, 2021. Dkt. No. 26. The next day, however, this Court issued an order indicating discovery was stayed pending Defendant's first Motion to Dismiss and that no party had permission to issue a subpoena. Dkt. No. 27. In light of the Court's order, Plaintiff's Counsel immediately withdrew the subpoena issued to Illinois Central, contacted them by phone to confirm its withdrawal, and notified Defendant's Counsel of such. Ex. D, Notice of Withdrawal of Subpoena.

On April 2, 2021, Plaintiff's Counsel sent Roxanne a fourth correspondence by certified mail, which was returned to Plaintiff's Counsel on April 5, 2021. Ex. A ¶ 16. In order to ensure the error was not due to mail carrier, Plaintiff's Counsel sent a fifth correspondence requiring signature by FedEx on April 6, 2021. *Id*. ¶ 17. The FedEx mailing attempted deliveries have been unsuccessful. *Id*. To date, all efforts to contact Roxanne have been unsuccessful. *Id*. ¶ 18.

## II.   ARGUMENT

### A.  Sanctions Are Unwarranted.

"The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence." *Great Eastern Enter. Co., Inc. v. Naeemi*, Case No. 14 C 4731, 2015 WL 676283, at *1 (N.D. Ill. Nov. 5, 2015) (quoting *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999)). Rule 11 sanctions should be imposed sparingly. *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003). Further, the party seeking sanctions carries a "high burden" in showing that they are warranted. *Lundeen v. Minemyer*, Case No. 09 C 3820, 2010 WL 5418896,

4

at \*3 (N.D. Ill. Dec. 17, 2010). "In determining whether sanctions are appropriate, the Court must make "an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Great Eastern Enter. Co., Inc*, 2015 WL 676283, at \*1 (quoting *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006)).

Plaintiff has not violated Rule 11 because she has not "file[d] a complaint with improper motives or without adequate investigation." *See Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 712 (N.D. Ill. 2016). Sanctions are plainly not warranted. As detailed fully in the Declaration of Megan E. Shannon, Plaintiff acted diligently before instructing her attorneys to file this case. *See generally*, Ex. A. At the onset of this matter, Plaintiff's Counsel spoke with Roxanne on multiple occasions to ascertain the existence of BIPA claims, undertook reasonable investigation of Defendant and Roxanne's BIPA claims, and provided the Complaint to Roxanne for confirmation of the facts alleged. *Id*. ¶¶ 3-7. Since the filing of the Complaint, Plaintiff's Counsel has diligently litigated this matter, including responding to Defendant's first Motion to Dismiss. Notably, Defendant waited until briefing on its first Motion to Dismiss was nearly complete – ***several months into this litigation*** – before bringing this issue to Plaintiff's Counsel's attention and filing a second motion to dismiss.[1]

Immediately after Plaintiff's Counsel received Defendant's Rule 11 correspondence, Plaintiff's Counsel undertook diligent efforts to contact Roxanne and verify the information in

---

[1]      Conspicuously, Defendant withheld any information about Defendant's communications with Illinois Central and the existence of sworn testimony from First Student's representative attesting that First Student had "no record of Plaintiff's employment application", until the filing of the instant Motion for Sanctions and to Dismiss. Ex. A to Def's Mot. Dkt. No. 25. Failure to serve a draft Motion for Sanctions in compliance with Fed. R. Civ. P. 11 is grounds for denial of Defendant's Motion. *See e.g., SFG, Inc. v. Musk*, No. 19-CV-02198, 2021 WL 972887, at \*4 (N.D. Ill. Feb. 10, 2021) (denying motion for sanctions under Rule 11 where the movant failed to serve the draft motion on the opposing party 21 days before filing).

question. *Id*. ¶¶ 9-18. These efforts include daily phone calls and emails, three separate mailed correspondences, a fourth certified mailing correspondence through USPS, and a fifth mailing through FedEx. *Id*. Plaintiff's Counsel also attempted to contact Roxanne's emergency contact. *Id*. ¶¶ 11, 13. Finally, Plaintiff's Counsel attempted to contact Roxanne through Facebook. *Id*. ¶ 15. Through no fault of Plaintiff's Counsel, they have been unable to reach Roxanne. *Id*. ¶ 18. Because Plaintiff's Counsel has not been able to discuss the possible veracity of Defendant's representations with Roxanne, Plaintiff's Counsel sought to issue a subpoena to Illinois Central. Dkt. No. 26 (later withdrawn pursuant to this Court's Order on April 2, 2021). However, the Court indicated that discovery is stayed pending resolution of Defendant's first Motion to Dismiss. Dkt. No. 27. In sum, sanctions are not appropriate here because Roxanne filed her Complaint based on her legitimate understanding of the facts, and after thorough investigation by counsel.

### B. Plaintiff's Complaint Should Not Be Dismissed.

"A motion to dismiss under Fed. R. Civ. P. 12(b)(1) tests the jurisdictional sufficiency of the complaint." *Pittsfield Development, LLC v. Travelers Indemnity Co*., Case No. 18 C 06576, 2018 WL 3287841, at *2 (N.D. Ill. Jul. 22, 2019). In order to establish standing under Fed. R. Civ. P. 12(b)(1) a plaintiff must plead sufficient factual allegations, taken as true, that plausibly suggest "(1) [he or she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Berger v. National Collegiate Athletic Association*, 843 F.3d 285, 289 (7th Cir. 2016). "The district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Here, Defendant factually attacks Plaintiff's Complaint, before any discovery has occurred and while its first Motion to Dismiss - which inconsistently concedes both that it had contact with Plaintiff and collected her biometrics (at least for purposes of the motion) – is still pending. As set forth in the Complaint, First Student collected and obtained Plaintiff's and other job applicants' biometric data, held it, and disclosed it to third parties without obtaining their informed written consent or establishing a retention policy while they were doing so. *See generally* Complaint, Dkt. No. 1. Specifically, Defendant collects and stores Plaintiff's and similarly situated job applicants' fingerprint or biometric data (*i.e.*, her personal, private, and proprietary biometric information or identifiers) in Defendant's database(s). *Id.* ¶¶ 13, 32, 46, 47, 81-83. However, Defendant fails to inform Plaintiff and similarly situated applicants of the purpose and length of time for which their fingerprint data was being collected, or to whom the data is disclosed. *Id.* ¶¶ 13, 32, 35, 36-37, 39, 47-48.

Because Defendant fails to inform applicants of the specific purpose(s) and length of time for which it collects and stores their fingerprints and fails to provide a publicly-available retention schedule and guidelines for permanently destroying applicant biometric data, applicants are unaware if Defendant will ever destroy their fingerprints within three years of their last interaction with Defendant, as required by BIPA. *Id.* ¶¶ 13, 39-40, 49, 73. Defendant fails to secure *any* consent before it first begins harvesting applicants' personal and private biometric data. *Id.* ¶¶ 13, 35, 37, 50, 77-78. Finally, Defendant systematically disclosed Plaintiff's and other applicants' biometric data to at least one third-party vendor, criminal database(s), and other currently unknown, third parties, which host the biometric data in their data centers. *Id.* ¶¶ 13, 32, 35, 37, 47, 50, 92.

Thus, Plaintiff's Complaint adequately alleges that she has suffered an injury sufficient to grant standing and survive First Student's instant Motion to Dismiss. However, as discussed in detail *supra*, for reasons unknown, Plaintiff has been unresponsive to her counsel's attempts to contact her. Accordingly, Plaintiff's Counsel respectfully requests 30 days to continue their efforts to contact Plaintiff and verify the information in Defendant's Rule 11 letter and Motion. While it is possible that Plaintiff applied for employment at Illinois Central, it is also possible that Plaintiff applied to work at **both** First Student and Illinois Central. At this initial pleading stage and without adequate discovery, Defendant's instant Motion cannot definitively negate Plaintiff's claims.

## III.   CONCLUSION

Sanctions are unwarranted. Further, Plaintiff's Complaint sufficiently confers standing to survive Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss. For these reasons, Defendant's Motion for Sanctions and To Dismiss should be denied. Plaintiff's Counsel respectfully requests that the Court continue this matter for 30 days so that Plaintiff's Counsel may continue their efforts to contact Plaintiff.

Date:   April 13, 2021

Respectfully Submitted,

*/s/ Megan E. Shannon*
Megan E. Shannon
Ryan F. Stephan
James B. Zouras
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mshannon@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

8

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 13, 2021, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ Megan E. Shannon*