IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROXANNE BREWTON, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**FIRST STUDENT, INC.,**<br><br>**Defendant.** | Case No. 1:20-cv-7017<br><br>Hon. Judge Manish S. Shah<br><br>Magistrate Judge Sheila M. Finnegan |

**DEFENDANT FIRST STUDENT, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SANCTIONS AND TO DISMISS
BASED ON IMPROPERLY NAMED DEFENDANT**

Defendant First Student, Inc. ("First Student" or "the Company" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., respectfully submits this Reply Brief in Support of its Motion to For Sanctions And To Dismiss Plaintiff's Complaint Based on Improperly Named Defendant ("Motion") (Dkt. No. 25). In support of its Motion, First Student states as follows:

**I.      INTRODUCTION**

The charade is up. Plaintiff has tried, and failed, to shoehorn her way into a class action lawsuit against First Student, without having any underlying claim against the Company. As a result of either carelessness or willful indifference on the part of Plaintiff and her counsel ("Plaintiff's Counsel"), First Student has been unjustly forced to defend a class action lawsuit brought by an individual who did not apply to First Student for employment as alleged, and who has subsequently abandoned her case.

In her Brief in Opposition to First Student's Motion ("Opposition"), Plaintiff admits the critical facts necessary for this Court to dismiss Plaintiff's Complaint with prejudice, and to award

1

sanctions to First Student. First, Plaintiff fails to affirm that she applied for employment with First Student. This fact alone warrants dismissal, because Plaintiff does not have standing to claim that First Student violated her rights as a prospective employee if she cannot affirm in good faith that First Student was the prospective employer that caused the alleged harm. Secondly, Plaintiff's Counsel admits that Plaintiff has abandoned this litigation. There is no legal basis for this case to continue in the absence of any named Plaintiff with standing to bring a claim against First Student.

Additionally, it is highly improbable that Plaintiff's Counsel only now discovered that Plaintiff does not have standing to bring a claim against First Student. Rather, Plaintiff has been hiding the ball on this issue since the filing of her Complaint, which suspiciously does not allege which First Student location she applied to. (*See* Dkt. No. 1, Exhibit 1.) First Student pressed Plaintiff to identify the geographic location of her employment application in its initial responsive pleadings (Dkt. Nos. 11-15), by discussing at length the critical role that the geographic location plays in this case. In her responsive briefing, Plaintiff still avoided any discussion of the geographic location of her application in her responsive briefing.[1] (*See generally* Dkt. Nos. 21-22.)

At a minimum, Plaintiff's Counsel failed to conduct a reasonable investigation by neglecting to ask Plaintiff this key fact. The omission of this fact from the litigation caused First Student to embark on a wild goose chase to locate Plaintiff's employment application materials, only to confirm that she never applied. Incredibly, when faced with facts demonstrating that Plaintiff has no standing to bring a claim against First Student, Plaintiff's Counsel obstinately refuses to dismiss the case. This conduct, particularly Plaintiff's Counsel's decision to "double down" despite the evidence, is an abuse of the legal process and wholly deserving of sanctions to set things right.

---

[1] It is unclear to First Student whether Plaintiff's Counsel was in contact with, or had input from, Plaintiff before filing her response brief.

For the reasons set forth below, the Court must dismiss Plaintiff's Complaint with prejudice, and award sanctions to First Student in the form of its attorneys' fees and costs to date.

## II. ARGUMENT

### A. Plaintiff Lacks Standing Because She Admittedly Cannot Affirm That First Student Is Properly Named As Defendant.

Nowhere in her Opposition does Plaintiff affirm that she applied for employment with First Student in August 2018 as alleged. (*See generally* Dkt. No. 29.) Plaintiff also does not admit or deny that she applied to work as a Bus Aide servicing one of the following school districts, which were not parties to a contract with First Student in August 2018: Waukegan CUSD # 60, and North Chicago CUSD # 187, and Beach Park CCSD # 3. (*See generally id.*) Plaintiff thus concedes that she cannot allege in good faith that First Student actually possessed, retained, collected, captured, purchased, received through trade, or used her biometric information. Plaintiff unquestionably lacks standing to bring claims alleging violations of the Illinois Biometric Information Privacy Act ("BIPA") against First Student —the only claims asserted here.

Plaintiff's Counsel suggests that despite the named Plaintiff's lack of standing, counsel should be permitted to continue to litigate this case, presumably to continue the matter on behalf of putative class members. (Dkt. No. 29, p. 6.) The law, however, does not support this position. "A plaintiff must suffer a real-world injury to stand in the courthouse and seek relief." *Geske v. PNY Techs.*, No. 19-cv-05170, *8 (N.D. Ill. 2020) citing Steven L. Winter, The Metaphor of Standing and the Problem of Self-Governance, 40 Stan. L. Rev. 1371 (1988)." "[T]he principles at the heart of Article III standing are simply too important to permit such bootstrapping" on the theory that some member of a hypothetical class might have a claim against that defendant. (Dkt. No. 25, citing *In Re Eaton Vance Corp. Securities Litig.*, 220 F.R.D. 162, 169 (D. Mass. 2004.))

Simply put, there is no basis for counsel to maintain a case against First Student when the named Plaintiff lacks standing.

Therefore, Plaintiff's Complaint against First Student must be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(1).

### B. Plaintiff Has Abandoned Her Case, And Thus It Must Be Dismissed.

Despite alleged extensive efforts to locate Plaintiff, Plaintiff's Counsel admits that there has been no contact with her, apparently for several months. (*See* Dkt. No. 29, Exhibit A, "Declaration of M. Shannon".) Therefore, Plaintiff's Counsel concedes that Plaintiff has abandoned her case, warranting dismissal under FRCP 41(b).

"Federal Rule of Civil Procedure 41(b) provides that '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'..." *McMahan v. Deutsche Bank AG*, 892 F.3d 926 (7th Cir. 2018). "Rule 41(b) authorizes sanctions, upon a party's motion, based on a 'clear record of delay or contumacious conduct.'" *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (internal quotations omitted). A plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution, *Link v. Wabash R.R.*, 370 U.S. 626, 629, 633 (1962), or, what often amounts to the same thing, *see* Fed. R. Civ. P. 41(b); *Federal Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000), as a sanction for misconduct.

Plaintiff's Complaint should be dismissed both for her lack of prosecution evidenced by her abandonment of her case, and as a sanction for misconduct. First Student confirmed in February 2021, that Plaintiff did not apply for employment with First Student in August 2018 as alleged, but rather, its competitor Illinois Central, and therefore, Plaintiff lacked standing to bring her BIPA claims against First Student. (Dkt. No. 25, p. 2.) First Student was entitled to prompt

4

dismissal of this frivolous lawsuit against it. *See supra.* Nonetheless, First Student has been forced to endure several additional months of litigation in this matter, while Plaintiff's Counsel attempts to locate Plaintiff to confirm whether she maintains the obviously inaccurate allegation that she applied to First Student. As a result of this contumacious conduct and delay, First Student has been forced to incur additional time and expense including the filing of more briefs. Plaintiff's failure to respond to significant concerns that she named the wrong Defendant in this case is the direct source of delay and thus rightfully serves as a basis for dismissal. *See Bolt v. Loy & Village of Winthrop Harbor*, 227 F.3d 854, 856 (7th Cir. 2000) (listing three possible grounds for dismissing a suit because a response is overdue: (1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's inaction.)

Therefore, even if Plaintiff's Complaint is not dismissed for lack of standing under Federal Rule of Civil Procedure 12(b)(1), it should be dismissed for her clear abandonment of this suit, failure to prosecute, and as a sanction under FRCP 41(b).

### C. Sanctions Are Warranted Because Plaintiff's Counsel Did Not Conduct A Reasonable Investigation.

In her Opposition, Plaintiff incredulously suggests that she should not be held accountable for naming the wrong defendant because in her opinion, First Student took too long to discover that Plaintiff did not actually apply to First Student. (*See* Dkt. No. 29, p. 5.) Plaintiff absurdly tries to shift her Rule 11 obligations to First Student, and faults First Student for taking Plaintiff's Complaint allegation that she applied to First Student in August 2018, at face value[2]. (*See id.*) First

---

[2] Plaintiff also disregards the fact that First Student conducts its hiring, and maintains its employment application records, on a localized basis. (Dkt. No. 25, p. 2.) This made it difficult and time-consuming for First Student to confirm whether or not it had, or should have, records of Plaintiff's employment application at one of its more than 40 locations in Illinois. (*See id.*) It is also worth noting that many of the Company's records dating back to 2018 are paper files, and thus, required First Student to search through boxes on site, during a pandemic, when many of First Student's locations were not operational due to the period of shutdown. Only after an independent internet background search, and a phone call to the Company's competitor, was First Student able to confirm that Plaintiff did not actually apply to First Student in August 2018. (*See id.*, p. 3.) If Plaintiff's Counsel had, at any point confirmed the location of the

5

Student should not be punished for complying with its obligation to timely file a responsive pleading in accordance with the Federal Rules of Civil Procedure and the orders of this Court, while continuing its search for any record of Plaintiff. To be clear, it is not First Student's fault that Plaintiff filed a frivolous Complaint.

Moreover, Plaintiff's argument is tantamount to saying that Plaintiff's Counsel must "be free to plead now and think about the legal validity of the pleadings later, if ever". *See Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) citing *Larson v. Wind*, 548 F.Supp. 479, 480 (N.D.Ill.1982) (criticizing "counsel's approach of 'plead now and analyze later'"). "That, however, is the very practice that [Rule 11] is intended to halt." *Id*. "Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986). "The test is objective. An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position." *Cuna Mut. Ins. Soc. v. Office & Prof'l Emp. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006).

Here, a reasonable inquiry into the facts would have quickly revealed the frivolity in filing Plaintiff's Complaint against First Student for BIPA violations. To explain, First Student conducts its hiring on a localized basis. (Dkt. No. 25, p. 2.) Based on the localized nature of the industry, it is nearly impossible to believe that Plaintiff did not mention the relevant geographic location of the bus company to which she applied, to Plaintiff's Counsel at the onset of this litigation.

Even if Plaintiff did not offer this information, basic introductory questions by Plaintiff's Counsel, such as "Where do you live?", "What position did you apply to?", "When and where did you apply?", "Did you work near your home?", "What was the application process?", "Who did

---

bus company to which Plaintiff applied to work, it would have been easy for First Student to determine whether Plaintiff applied to First Student in August 2018 as alleged.

6

you interview with?", "How was the aggrieved background check conducted?", and "Where did you go to have the background check conducted?", would have yielded this information. Therefore, Plaintiff's Counsel has either known all along that Plaintiff may not have applied to First Student and withheld critical information, or alternatively, Plaintiff's Counsel failed to conduct a reasonable investigation by asking basic introductory questions. Either way, the conduct at issue is sanctionable. *Margulin v. CHS Acquisition Corp*, No. 87 C 8915, 1988 WL 124321 at *2 (N.D. Ill. Nov. 16, 1988), citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d. 177, 181 (7th Cir. 1985); *Frazier v. Cast*, 771 F.2d 259, 263 (7th Cir. 1985); *See also Petrovich v. Kiebles*, No. 85 C 6031, 1988 WL 6928, *2 (N.D. Ill. Jan. 26, 1988) (Court granted motion for attorneys' fees where Plaintiff and his attorneys, by reasonable inquiry, should have known claims not supported prior to filing the complaint). Similarly, Plaintiff's Counsel's allegation that discovery is necessary to sort out this issue (Dkt. No. 29, p. 7) is false and entirely disingenuous – there is no discovery necessary for Plaintiff's Counsel to either affirm the geographic location to which Plaintiff applied or admit that Counsel failed to ask such a basic question before slapping First Student with a class action lawsuit.

To make matters worse, even after being put on notice that Plaintiff did not apply to First Student, Plaintiff's Counsel has refused to voluntarily dismiss the Complaint, thus requiring First Student to expend additional time and resources simply to dismiss a case it should never have been forced to defend. This represents a clear abuse of the legal process, warranting sanctions. *See, e.g., Springman v. Aig Marketing, Inc.*, 523 F.3d 685, 690 (7th Cir. 2008) (finding that maintenance of a suit against a party known by the plaintiff to be the wrong one "was an abuse of legal process").[3]

---

[3] To the extent that Plaintiff alleges that First Student failed "to serve a draft motion for sanctions" on Plaintiff, and that this is grounds for denying the motion, Plaintiff misstates the requirements of Rule 11 as applied by the Seventh Circuit. The Seventh Circuit requires only substantial compliance with Rule 11(c)(2). *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887-88 (7th Cir. 2017). Thus, the Seventh Circuit has found substantial compliance where,

7

Therefore, not only should Plaintiff's Complaint be dismissed, but sanctions should be awarded to First Student to compensate it for the resources unnecessarily expended in defending a case in which it was improperly named as Defendant.

## III. CONCLUSION

WHEREFORE, Defendant First Student, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety pursuant to FRCP 12(b)(1) and/or FRCP 41(b), order Plaintiff to pay the attorneys' fees First Student incurred to date in its defense of this matter, and order any other relief the Court deems just and proper.

Dated: April 20, 2021

Respectfully Submitted,

/s/ *Jennifer L. Jones*

Jennifer L. Jones, ARDC # 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
jeljones@littler.com
Phone: 312-372-5520

Jennifer Chierek Znosko, ARDC # 6284732
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
jznosko@littler.com
Phone: 314-659-2000

---

as here, a party seeking sanctions has previously sent the opposing party a letter, instead of a proposed motion, explaining the grounds for sanctions and providing more than 21 days to remedy the problem. *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 552-53 (7th Cir. 2011); *Nissenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003).

## CERTIFICATE OF SERVICE

I hereby certify that, on April 20, 2021, I caused the foregoing ***Defendant First Student Inc.'s Reply Brief in Support of its Motion for Sanctions and to Dismiss Based on Improperly Named Defendant*** to be filed with the Clerk of the Court using the ECF filing system, and to be served by e-mail on:

>Ryan F. Stephan
>James B. Zouras
>Megan E. Shannon
>Stephan Zouras, LLP
>100 N. Riverside Plaza, Suite 2150
>Chicago, Illinois 60606
>rstephan@stephanzouras.com
>jzouras@stephanzouras.com
>mshannon@stephanzouras.com

>*/s/ Jennifer L. Jones*
>One of Defendant's Attorneys