**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Roxanne Brewton

                        Plaintiff,

v.                                                      Case No.: 1:20–cv–07017
                                                             Honorable Manish S. Shah

First Student, Inc

                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, April 20, 2021:

      MINUTE entry before the Honorable Manish S. Shah: This case is dismissed with prejudice for want of prosecution. See Fed. R. Civ. P. 41(b). Plaintiff was ordered to show cause why the case should not be dismissed for want of prosecution and plaintiff's counsel has lost contact with plaintiff, notwithstanding diligent efforts to try to contact her. Plaintiff has abandoned this litigation. A dismissal with prejudice is the default rule under Rule 41(b) and plaintiff's counsel offers no reason to deviate from the default rule. No class has been certified so only the plaintiff's individual claim is before the court. The dismissal operates as an adjudication on the merits and defendant is the prevailing party entitled to recover costs under Rule 54(d). Plaintiff's counsel skirted close to the line of a sanctionable failure to conduct a reasonable investigation before filing suit, but the court concludes that counsel did not cross it. Counsel had some reason to file suit based on the information apparently provided by plaintiff, and while the Stephan Zouras firm seems to have done a bad job vetting the case at the outset, the court does not think the work was so sloppy to be in bad faith or vexatious. Counsel should have pulled back when defendant pointed out the potential problems with naming First Student as a defendant and when plaintiff herself stopped communicating with counsel in February 2021. But the court concludes that counsel's conduct was, like the pre–suit investigation, poor but not in bad faith or deserving of the harsh penalty of sanctions. Suffice it to say that the case reflects poorly on the firm and all three attorneys who entered appearances on behalf of plaintiff. The motion to dismiss [11] and motion to strike class allegations [14] are denied as moot. The motion for sanctions and to dismiss [25] is denied in part as to sanctions and denied as moot as to dismissal. Enter judgment and terminate civil case. Notices mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.